# EXHIBIT B

Filed
4/25/2019 2:37 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO._____2019DCV-2117-A_____

| | | |
|---|---|---|
| DAVID RJASKO AND IMELDA BENAVIDES, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, BRUCE WELLS, | § | |
| PHILLIP BENJAMIN, & ALLEN BODDIE | § | |
| | § | |
| *Defendants*. | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW come DAVID RJASKO and IMELDA BENAVIDES ("Plaintiffs"), who files Plaintiffs' Original Petition against UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC") and BRUCE WELLS, and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES & SERVICE

2.      Plaintiffs are the named insureds under a policy issued by the Defendant, UPC. Plaintiffs are residents and citizens of Nueces County, Texas.

3.      UPC is a Florida-based insurance company that engages in the business of insurance in Texas. The insurance business done by UPC in Texas includes, but is not limited to,

1

the following: taking and receiving applications for insurance; receiving and collecting premiums; adjusting claims and sometimes paying claims, and issuing insurance policies to consumers of this state, including Plaintiffs. UPC may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201 or wherever else it may be found.

4.      Bruce Wells is a resident of Texas.  Mr. Wells is a licensed insurance adjuster by the State of Texas.  As it relates to this matter, Mr. Wells engaged in the business of insurance and acted as an insurance adjuster on Plaintiff's claims.  Mr. Wells likewise engaged in actionable conduct under Texas law.  Mr. Wells may be served at 2104 Bindon Dr., Cedar Park, Texas 78613 or wherever else he may be found.

5.      Phillip Benjamin is a resident of Texas.  Mr. Benjamin is a licensed insurance adjuster by the State of Texas.  As it relates to this matter, Mr. Benjamin engaged in the business of insurance and acted as an insurance adjuster on Plaintiff's claims.  Mr. Wells likewise engaged in actionable conduct under Texas law.  Mr. Benjamin may be served at 21739 Hardy Oak Blvd., Apt. 6025, San Antonio, Texas 78258 or wherever else he may be found.

6.      Allen Boddie is a resident of Texas.  Mr. Boddie is not a licensed insurance adjuster by the State of Texas.  As it relates to this matter, though, Mr. Boddie engaged in the business of insurance and acted as an insurance adjuster on Plaintiff's claims.  Mr. Boddie likewise engaged in actionable conduct under Texas law.  Mr. Boddie may be served at 2207 Highway 35 N., Suite C, Rockport, Texas 78382 or wherever else he may be found.

### III.
### JURISDICTION & VENUE

7.      This is a civil matter in which the amount in controversy is more than five hundred dollars ($500.00), exclusive of interest.  Jurisdiction is thus proper in a District Court of Nueces County, Texas, and it is also proper pursuant to Art. V, Sec. 8 of the Texas Constitution.

8.      Venue is appropriate in Nueces County, Texas because all or part of the conduct giving rise to the causes of action were committed in Nueces County, Texas and the property which is the subject of this suit is located in Nueces County, Texas.  Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

9.      Plaintiffs have a policy with UPC bearing policy number TWIA—000329278--02 ("Policy").  The Policy insures the property located at 5413 King Trail, Corpus Christi, TX 78414 ("Property").  The purported policy period covers December 1, 2016 and continues through December 1, 2017.

10.     The Property is Plaintiffs' home. According to the policy and documents UPC provided, the building is insured on a replacement cost basis for $418,000.00 and subject to a $20,900.00 windstorm deductible.   The Policy provides coverage for the following types of damage: wind, hail, and wind driven rain.

11.     On August 26, 2017, Plaintiffs had fully paid their premiums, thus making the policy in full force and effect and also indicating that Plaintiffs were in complete compliance with the terms of the Policy.  This date is important because on or about August 26, 2017, Hurricane Harvey struck Texas causing severe damage for hundreds of miles along the coast and into the interior portions of the state.

12.     According to the engineer that UPC hired, UPC believes that the wind speed at the location only reached 82 miles per hour at the location. According to Corpus Christi Naval

3

Air Station, the wind speeds reached 108 miles per hour. Whether the speeds were 82 miles per hour or 108 miles per hour, either wind speed can cause serious damage.

13.     Understanding that a hurricane can do serious damage, Mr. Rjasko secured his home as best as possible, boarding up all windows, removing any loose debris around the outside, and securing these items inside the garage.  In the meantime, his wife (Ms. Imelda Benavides) was 9 months pregnant.  Given that Bay Area Hospital was likely to close following the hurricane, Mr. Benavides was ordered to go to McAllen where a hospital could handle an emergency labor.  She left with her four children and went to McAllen where she stayed in a hotel.  Mr. Rjasko was unable to accompany his wife, though, as he is a police officer and needed to stay behind for emergency response.

14.     Mr. Rjasko returned from a shift following the hurricane.  That is when he found roofing tiles strewn about the yard.  Though the house did not have power, he also found standing water and water leaks throughout the house. Mr. Rjasko immediately began drying and placing buckets throughout the home.  He also went on the roof and covered all that he could with plastic (to stop the constant leaks), and he placed plastic bags over the roof vents.

15.     His wife, in the meantime, contacted Mireles Roofing, as they specialize in tile roofs. The owner, Valentin Mireles, visited their home to look at the areas that had missing tiles. Mr. Mireles explained that the entire roof was compromised and had lifted and shifted due to high winds from Hurricane Harvey. The entire roof needed to be replaced. While Plaintiffs were initially thinking that the $20,900.00 deductible would be too high to file a claim, Mr. Mireles explained that the interior damage would cover that alone, not counting the tens of thousands of dollars the roof would cost to properly fix it.  As if that was not enough, Mr. Mireles returned and advised that any interim repairs were likely not to be effective and were not warrantable.  As

4

it turned out, the tile used on the roof was no longer in production, could not be found, and only a similar (but not exact match) product could be located.  However, because of the non-production, he could not warrant any repairs. Even then, however, he specifically advised that the roof needed to be replaced.

16.     On September 10, 2017, Ms. Benavides then promptly provided notice to UPC of the vast exterior and interior damage.  Ms. Benavides was told that Denise Berry would be the claim adjuster and would be in contact.  Ms. Berry did not contact Plaintiffs however, nor did any other claim adjuster, until a supervisor called to apologize for the claim not being handled and misplaced.  The claim was then transferred to Robert Loudon.  Mr. Loudon advised that an engineer and an outside adjuster would be visiting shortly.

17.     Later that week, an adjuster named Ebony and her son arrived to act as the field adjuster on the claim.  Ebony and her son took several photos and confirmed that the damage to the interior and exterior, especially the roof, was severe.  It was so severe that Ebony did not want her or her son to get on the roof, as she was afraid of falling due to all of the loose tiles.  However, despite Ebony confirming the vast damage, payment was not made.

18.     Instead, on or about September 30, 2017, Jason Carter, AIC with Carter Claims & Consultants came to the Property.  Mr. Carter stated that he was hired for a re-inspection of the tile roof and explained the reason for his visit was that UPC wanted to confirm Ebony's inspection that the roof was damaged from Hurricane Harvey.  Mr. Carter's visit, however, was not very reassuring.  He indicated that UPC would likely not want to cover the claim because the damages and the roof would be very expensive.  He also confirmed that the damages were severe and that the roof should be replaced.  At this point, you would expect UPC to issue payment.  However, that is not what occurred.

19.     Sadly, the carrier did what has become commonplace in claims like this: UPC hired an engineer so he could belittle or help deny the claim. On or about October 12, 2017, Mr. Elias Alfaro, Jr., P.E. of EFI Global, Inc. visited the property.   According to the report Mr. Alfaro later authored, he indicated he was hired "to determine the nature, cause, and extent of the damage to the roof and if they are relatable to a storm event that occurred on or about [August 25, 2017]."

20.     Mr. Alfaro said what UPC wanted him to say.  He opined that the "extent of the damage observed does not warrant full roof replacement…[and the] remaining roof tiles throughout the subject roof were found to be free of wind related damage."  He also gave the standard opinion that the roof was improperly installed.  That is, he opined that tiles, which appeared to be dislodged, were really just installed incorrectly in the first place.

21.     This is absurd given that multiple adjusters had already come out and indicated that the roof needed to be replaced.  However, this came as no surprise considering the warning that Mr. Carter had previously provided.

22.     In the meantime, the claim was inexplicably transferred yet again—now to Mr. Bruce Wells.  Mr. Wells gave no reason for the umpteenth transfer, except that he was in charge of "getting the claim closed out."

23.     Then, on or about November 6, 2017, Ms. Benavides received a call indicating that ServPro would be visiting the house.  The next day ServPro showed up to the house to check moisture areas in the home and tarp off the roof where leaks were still occurring. Serve-Pro arrived and first started by surveying the damage.  Mr. Ramiro Cerda and another employee claimed that roof was completely damaged, but they indicated they knew why the insurance

would not want to take responsibility for the roof.  Again, it was because the type of roof and the cost.

24.     Mr. Cerda stated the tiles could not even be screwed in because nothing was aligned.  ServPro then cut out a 3' x 3' hole in the ceiling in one of the master bedrooms to locate the source of a continuous water leak.  ServPro advised that the leak appeared to be from a pipe in the restroom that had moved with the shifting of the roof during the high winds of the hurricane. ServPro advised that they had been inspecting several homes and had seen all the same damage at several homes due to Hurricane Harvey. ServPro advised they could not cover or tarp the roof because they would have to break additional tiles on the roof and could not take that liability.  Mr. Cerda did agree to provide his report including all of the discussed damage.

25.     Suddenly, however, Mr. Wells could not be reached to discuss ServPro's findings, and now when Ms. Benavides called ServPro, they were refusing to release their report.  Instead, they kept claiming that UPC hired them and not the Rjasko family.

26.     Within a few days, however, Mr. Wells became responsive and indicated that he did not have a completed report yet from EFI.  This is more than one month after EFI visited, and after other experts had verified that there was severe wind damage.  It was also after Ms. Benavides was told that the report would be forthcoming days prior.  Ms. Benavides explained to Mr. Wells that in addition to ServPro, she had contacted a master plumber.  The plumber verified due to the weight of the roof shifting, it "tweaked" the plumbing in the attic and that was the cause of the constant water leaks at the Rjasko residence.  Mr. Wells then told Mr. Benavides that he had received photos from ServPro, but that they were not very good, and that the EFI report would be finished shortly anyways, as it was under peer review.  Plaintiffs have reason to believe Mr. Wells was making sure the report denied the shifting of the roof.

27.     As Ms. Benavides kept after Mr. Wells to provide an update (and a timely claim decision), Mr. Wells became rude and upset.  He accused Mr. Rjasko and Ms. Benavides of just wanting a "blank check." He also advised that yet another adjuster needed to come out and see the damage.

28.     This was very frustrating for Plaintiffs. UPC had absolutely no need to send their fifth person and third adjuster to the residence. Plaintiffs nevertheless allowed complete and unfettered access to the property.   After having this additional adjuster inspect the loss, Plaintiffs kept asking UPC for a claim determination.  However, what ensued was a series of unreturned phone calls, unanswered voicemails, and when Plaintiffs did hear from UPC it was more of the same.

29.     Sooner or later, UPC apparently received the engineering report.  After receiving the engineering report, UPC and Mr. Bruce Wells sent a vague claim determination letter.  In a letter dated, November 27, 2017, Mr. Bruce Wells misrepresented that the damage did not exceed the deductible.  There was no explanation as to how UPC arrived at a below-deductible number, nor why full insurance proceeds were not being afforded for the roof and ensuing damage.  But this was not only a misrepresentation and a breach of the insurance policy.  Instead, it also demonstrated UPC and Mr. Wells':

   a.  Failure effectuate a prompt, fair, and equitable settlement a claim in which liability had become reasonably clear;

   b.  Refusal to pay a claim without first doing a reasonable investigation;

   c.  Failure to promptly provide my client a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's offer of a compromise settlement of a claim; and

      d.   Failure to affirm or deny coverage within a reasonable amount of time.

30.    The letter did encourage Plaintiffs to hire a public adjuster.  That is when the Rjasko family called Mr. Jason Poses of Poses and Associates to help present and settle the claim.

31.    Mr. Poses sent in his letter of representation, and the claim was then sent to another claim adjuster, Phillip Benjamin.  Mr. Benjamin was advised of the issue with the tile no longer in production and the obvious issue that created with matching.   Mr. Benjamin dispatched Mr. Allen Boddie to act on his and UPC's behalf.  Mr. Boddie was allegedly tasked in retrieving a tile from the Rjasko residence to see if it was still in production.  Mr. Boddie, however, was only there to further the insurance company's bidding.

32.    Apparently, when Mr. Boddie showed up to the property, he was unable to take an actual tile from the roof.  So, instead, he took a tile from a pile of tiles that a roofer brought over to see if matching would be possible.  This made absolutely no sense, however.  Taking the wrong tile only served the insurance company's needs.

33.    Understandably, the insurance company was able to find ***this*** tile in production.  It was brought over by a roofer who knew it was still in production hoping that he could find a match and make temporary repairs.  While at first blush, this mistake is understandable, but what is not understandable is why UPC and its representatives continued this remissive behavior after the mistake was explained.

34.    On April 23, 2018, Mr. Poses explained that Mr. Boddie had taken the wrong tile, that a matching tile still was not available, and nevertheless there was sufficient damage to warrant replacement of the roof.   Apparently, Mr. Boddie even acknowledged in writing that the color would not match.  Mr. Benjamin was not having it, however. In fact, in an email dated May

1, 2018, Mr. Benjamin indicated that he was not going to consider what other roofers had told Plaintiffs, or as he put it, "In regards to the multiple contractors you have spoken to I cant [sic] verify that however I can verify an engineers/Itel report I sent you."

35.     It is absolutely unthinkable that when faced with competing information from various contractors about the reparability of the roof, Mr. Benjamin could not verify this information.  It was not a matter of "could not," but rather a matter of "would not." In the same email, Mr. Benjamin indicated that he would "draft a denial letter and forward asap."

36.     Mr. Poses continued to write to Mr. Benjamin airing his concerns.  However, Mr. Benjamin would not respond.  In fact, over two months went by before Mr. Poses ever heard from UPC.  As had been the case in the past, the claim was being assigned to ANOTHER adjuster.  By then Plaintiffs had had enough.  Plaintiffs then hired the undersigned to present this claim.

37.     Plaintiffs then tried to work this matter out.  The claim was assigned to three other adjusters.  First, it was assigned to Ms. Pamela Wingate. Ms. Wingate asked for an estimate, which was provided, but nothing came of it.  The claim was then assigned to Ms. Veleta Esco. Multiple conversations were had with her, but again nothing came of it.  Lastly, the claim was transferred to Mr. Jeff Frontcakas.  Mr. Frontcakas was able to confirm that Plaintiffs had been right all along. He openly represented that the roof needed replacement and claim payment would be forthcoming.  He mentioned many times though that he had other fires to put out and would get to it when he got to it.  As one can imagine, this is unacceptable.  The Rjaskos are close to two years from the hurricane and are no closer to resolution.  They gave Mr. Frontcakas and UPC multiple opportunities to make it right and asked that he provide the proper policy

benefits so they did not have to file suit.  Sadly, UPC wrongfully withheld the policy benefits and still does to this day.

38.    Plaintiffs sent a code compliant letter with the Texas Insurance Code and the Texas Civil Practice and Remedies Code.  That letter went unanswered.  This lawsuit is what has followed.

**V.**
**CAUSES OF ACTION**

39.    All conditions precedent to this action have occurred, been fulfilled, or have otherwise been waived or discharged.

### A.  Breach of Contract against UPC

40.    UPC's conduct constitutes a breach of the insurance contract between it and Plaintiffs.  It is undisputed that a contract existed between Plaintiffs and UPC in the form of the Policy.   It is also undisputed that Plaintiffs paid their premiums, substantially complied with all terms of the Policy, and held up their end of the bargain.  UPC on the other hand did not hold up its end of the bargain.

41.    The Policy obligates UPC to cover all wind damage and wind driven rain damage. Here, we have exactly that.  A covered cause of loss—that was neither excluded nor limited— that occurred during the policy period. When a claim was properly presented, UPC failed to provide coverage thereby breaching the Policy agreement.

42.    Plaintiffs havesustained damages as a result of UPC's breach of the Policy.  Such losses were the natural, probable, and foreseeable consequence of the UPC's conduct.  Plaintiffs seek their damages together with pre-judgment interest and reasonable and necessary attorneys' fees.

### B.    Noncompliance with the Texas Insurance Code

11

43.     As described above, UPC's conduct and the conduct of its agents constitutes multiple violations of the Texas Insurance Code that have been legislatively determined to be Unfair Method of Competition, an Unfair Settlement Practice, and/or otherwise in violation of the Texas Insurance Code.  Section 541.151 and Section 542.060 of the Texas Insurance Code makes these violations actionable.

44.     Due to the relationship (and/or their engagement in the business of insurance) between Plaintiffs, UPC, Mr. Wells, Mr. Boddie, and Mr. Benjamin there are numerous obligations owed to Plaintiffs under the Texas Insurance Code.[1]  Chief among these duties, these persons were obligated to:

a.  To not misrepresent to my client material facts relating to coverage at issue (§ 541.060(a)(1)) & (§ 542.003(b)(1) with the inclusion of knowingly);

b.  To attempt in good faith to effectuate a prompt, fair, and equitable settlement a claim in which the insurer's liability has become reasonably clear (§ 541.060(a)(2)) & (§ 542.003(b)(4));

c.  To promptly provide my client a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim (§ 541.060(a)(3));

d.  To affirm or deny coverage within a reasonable amount of time (§ 541.060(a)(4));

e.  To not refuse to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

f.  To not make an untrue statement of material fact (§ 541.061(1));

g.  To properly state all material facts in order to make other statements not misleading,

---

[1] Plaintiffs are also "person[s]" under the Texas Insurance Code, which gives them standing to bring claims under the Texas Insurance Code.

considering the circumstances under which the statements were made (§ 541.061(2));

h.  To not make a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact (§ 541.061(3));

i.  To adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (§ 542.003(b)(3).

j.  To not compel a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (§ 542.003(b)(5).

k.  To notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss.  If the insurer rejects the claim, the notice must state the reasons for the rejection.  If the insurer is unable to accept or reject the claim within the period specified above, the insurer, within that same period, shall notify the claimant of the reasons that the insurer needs additional time. The insurer shall accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection (§ 542.056(a–d)).

l.  To not delay payment of a claim after receiving all items, statements, and forms reasonably requested and required under Section 542.055 for a period of more than 60 days (§ 542.058(a)).

45. Neither UPC or its agents fulfilled these duties.  Briefly speaking, and as supported above, a written claim was undoubtedly made under the policy, UPC was and continues to be liable for that claim, UPC should have provided coverage for the claim, UPC instead wrongfully withheld policy benefits and along the way violated the Texas Insurance Code as this petition

describes, and that has caused and resulted in actual damages to Plaintiffs.

46. Plaintiffs seek to recover actual damages, and in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. Plaintiffs also seeks pre-judgment interest.

## C. *Breach Of The Duty Of Good Faith And Fair Dealing*

47. UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing it owes to the Plaintiffs.

48. In the insurance context, a special relationship arises because of the parties' unequal bargaining power and the nature of insurance contracts, which would allow unscrupulous insurers to take advantage of their insured's' misfortunes in bargaining for settlement or resolution of claims. An insurance company has exclusive control over the evaluation, processing, and denial of claims, and without this duty insurers could arbitrarily deny coverage and delay payment of a claim with no more penalty than interest on the amount owed.

49. For these reasons, a duty exists. Plaintiffs contend UPC breached its duty of good faith and fair dealing:

    a. Because there was no reasonable basis for UPC to deny Plaintiffs' claim;

    b. Because there was no reasonable basis for UPC to delay Plaintiffs' claim;

    c. Because UPC failed to determine whether there was any reasonable basis to deny and delay Plaintiffs' claim;

    d. Because UPC failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim even though its liability was reasonably clear; and

    e. Because UPC refused to pay a claim without conducting a reasonable investigation of the claim.

50.     UPC failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs'claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

51.     UPC's breach of the duty of good faith and fair dealing has proximately caused damages for the Plaintiffs.

## VI.
### KNOWLEDGE

52.     Each of the acts described above, together and singularly, was done "knowingly" by UPC and its agents as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VII.
### DAMAGES

53.     Plaintiffs intend to show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plainitffs. Plaintiffs contend their damages were the natural, probable, and foreseeable consequence of UPC's breach of the policy.  Plaintiffs contend that UPC's violations of the duty of good faith and fair dealing were the proximate cause of their damages.  Lastly, Plaintiffs also contend UPC's actions and its agents' actions in violation of the Texas Insurance Code were the producing cause of their damages.  These damages are a direct result of UPC's mishandling of Plaintiffs' claim in violation of the laws set forth above.

54.     For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with reasonable and necessary attorney's fees.  In the alternative, Plaintiffs are entitled to their pecuniary loss.

55.     For noncompliance with the Texas Insurance Code, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, or could be the benefits as actual damages under the Texas Insurance Code due to UPC's statutory violation that caused Plaintiffs to lose its contractual rights to benefits.  In any event, the damages should at least be Plaintiffs' pecuniary loss and all court costs, and reasonable and necessary attorney's fees. For knowing conduct of the acts described above, Plaintiffs seek three times the actual damages. Tex. Ins. Code §541.152.

56.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as the applicable interest per annum on the amount of such claim as damages, together with reasonable and necessary attorney's fees. Tex. Ins. Code §542.060.

57.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to exemplary damages. UPC has actual awareness of its liability under the policy, but is choosing to ignore that liability, deny the claim, and delay the claim.  This warrants the imposition of exemplary damages.

58.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Proper notice of the claim has been sent to the relevant parties. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the appropriate appellate bodies.

## VIII.

### REQUEST FOR DISCLOSURES

59.     Pursuant to Rue 194 of the Texas Rules of Civil Procedure, Plaintiffs requests that Defendants provide the information required in a Request for Disclosure.

## IX.

### FIRST REQUEST FOR PRODUCTION TO UPC

60.     Pursuant to Rue 196 of the Texas Rules of Civil Procedure, Plaintiffs request that UPC respond to the following Request for Production:

a.  Produce UPC's complete claim file (excluding all privileged portions) for Plaintiffs claim made against the Policy for Hurricane Harvey.  This request seeks documents made on or before August 25, 2017 and up until you anticipated litigation.  Please produce a privilege log for any portions withheld on a claim of privilege.

b.   Produce all non-privileged emails and other forms of communication from or to UPC and all of its adjusters assigned to this claim, any of their agents, employees who worked on or were involved Plaintiffs' claim made against the Policy for Hurricane Harvey damage.  This request seeks documents made on or before August 25, 2017 and up until you anticipated litigation.  Please produce a privilege log for any portions withheld on a claim of privilege.

c.  Produce a copy of the underwriting file for the Policy.  This request seeks documents made on or before the inception of this Policy and up until you anticipated litigation.  Please produce a privilege log for any portions withheld on a claim of privilege.

d.  Produce all documents and communications provided to Mr. Elias Alfaro, Jr., P.E. of EFI Global, Inc before, during, and after his initial inspection and any subsequent inspection

## IX.

61.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs state that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.  A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiffs also seeks pre-judgment and post-judgment interest at the highest

legal rate.

## XII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs requests that Defendants be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against Defendants for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment as allowed by the applicable statute; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special against Defendants, to which Plaintiffs  may be justly entitled.

Respectfully submitted,

CROWELL & KUCERA, PLLC
2028 E. Ben White Blvd. Ste. 240-2015
Austin, TX 78741
Telephone:      (512) 870-7099
Facsimile:      (512) 388-9520

BY: /s/ *Brennan M. Kucera*
        BRENNAN M. KUCERA
        State Bar No. 24076491
        brennan@ck-firm.com
        BENJAMIN R. CROWELL III
        State Bar No. 24087360
        ben@ck-firm.com

ATTORNEYS FOR PLAINTIFFS

**PLAINTIFFS REQUEST A TRIAL BY JURY**

Filed
4/25/2019 2:37 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

# NUECES COUNTY PROCESS REQUEST SHEET

## 901 LEOPARD STREET ROOM 313 / CORPUS CHRISTI, TEXAS 78401
## PHONE # 361-888-0450   /   FAX # 361-888-0424

---

### *FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING.*

CAUSE NUMBER: 2019DCV-2117-A

CURRENT COURT: _____

DATE OF REQUEST: 04/25/2019

AMOUNT PAID: _____

---

### *SERVICE WILL ONLY BE ISSUED UPON PAYMENT OF COST!*

---

**TYPE OF PROCESS TO BE ISSUED; (Citation, Show Cause, Precept, TRO, etc.)**
Citation

**NAME OF DOCUMENT/PLEADING TO BE SERVED**
Plaintiff's Original Petition

*SERVICE BY:*
[ ] ATTORNEY FOR PICK UP     [ ] ATTORNEY RETURN BY MAIL   [ ] CONSTABLE / SHERIFF   [ ] NO SERVICE
[ ] CIVIL PROCESS SERVER:
    AUTHORIZED PERSON: _____   PHONE: _____
[X] CERTIFED MAIL          [ ] RESTRICTED DELIVERY
[ ] COURTHOUSE POSTING     # OF DAYS TO BE POSTED: _____
                                                  BRIEF STATEMENT OF SUIT (USE REVERSE SIDE)

[ ] PUBLICATION            NAME OF NEWSPAPER: _____
                           # OF DAYS TO BE PUBLISHED: _____
                                                  BRIEF STATEMENT OF SUIT (USE REVERSE SIDE)

*PARTY/PARTIES TO BE SERVED:*
[1] NAME/AGENT  United Property & Casualty Insurance Company
        ADDRESS  CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201

[2] NAME/AGENT  Bruce Wells
        ADDRESS  2104 Bindon Dr., Cedar Park, Texas 78613

[3] NAME/AGENT  Phillip Benjamin
        ADDRESS  21739 Hardy Oak Blvd., Apt 6025, San Antonio, Texas 78258

[4] NAME/AGENT  Allen Boddie
        ADDRESS  2207 Highway 35 N, Ste C, Rockport, Texas 78382

**ATTORNEY OR PARTY REQUESTING ISSUANCE OF PROCESS;**
NAME  BENJAMIN R. CROWELL III              ATTORNEY  BAR  #   24087360
MAILING   ADDRESS  2028 E. Ben White Blvd. Ste. 240-2015, Austin, TX 78741
PHONE #  (512) 870-7099                         FAX #_____
ATTORNEY REPRESENTS:        PLAINTIFF  X        DEFENDANT _____   OTHER _____

ORIGINAL

## Citation for Personal Service –RESIDENT NOTICE (CERTIFIED MAIL)

Case Number: **2019DCV-2117-A**

THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:  **Allen Boddie**
      **2207 Highway 35 N Ste C**
      **Rockport Tx  78382**
the Defendant,

GREETING:  You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Nanette Hasette**, **28th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 25th day of April, 2019.  A copy of same accompanies this citation.
The file number of said suit being Number:  **2019DCV-2117-A**

The style of the case is:  **David Rjasko,Imelda Benavides  vs.  United Property & Casualty Insurance Company,Bruce Wells,Phillip Benjamin, et al**

Said Petition was filed in said court by **Brennan M. Kucera**, attorney for Plaintiff, whose address is 2028 E Ben White Blvd Ste 240-2015  Austin Tx  78741 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 2nd day of May, 2019.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: Nicole Alvarado , Deputy
      Nicole Alvarado

## RETURN OF SERVICE

**2019DCV-2117-A**

**DAVID RJASKO,IMELDA
BENAVIDES
VS.
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY,BRUCE
WELLS,PHILLIP BENJAMIN, ET AL**

28TH DISTRICT COURT

Name

**ADDRESS FOR SERVICE**
**Allen Boddie**
2207 Highway 35 N Ste C
Rockport TX 78382

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ___. m., and executed in
_____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the
date of delivery endorsed thereon, together with the accompanying copy of the _____
_____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Fees: _____, Officer

Serving Petition and Copy $_____  _____, County, Texas

Total $_____  By _____, Deputy

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The
signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
_____(First, Middle, Last)

address is _____
_____(Street, City, State, Zip, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of
_____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

# CERTIFIED MAIL® RECEIPT

*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)        $ _____

☐ Return Receipt (electronic)      $ _____

☐ Certified Mail Restricted Delivery  $ _____

☐ Adult Signature Required         $ _____

☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

Allen Boddie

2207 Highway 35 N., Ste. C

Rockport, Texas 78382

7018 1830 0000 8705 9296

## Citation for Personal Service –RESIDENT NOTICE (CERTIFIED MAIL)

*ORIGINAL*

Case Number: **2019DCV-2117-A**

THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: · **Phillip Benjamin**
**21739 Hardy Oak Blvd Apt 6025**
**San Antonio Tx  78258**
the Defendant,

GREETING:  You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Nanette Hasette**, **28th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 25th day of April, 2019.  A copy of same accompanies this citation.
The file number of said suit being Number:  **2019DCV-2117-A**

The style of the case is:  **David Rjasko,Imelda Benavides  vs.  United Property & Casualty Insurance Company,Bruce Wells,Phillip Benjamin, et al**

Said Petition was filed in said court by **Brennan M. Kucera**, attorney for Plaintiff, whose address is 2028 E Ben White Blvd Ste 240-2015  Austin Tx  78741 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 2nd day of May, 2019.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401
BY: Nicole Alvarado , Deputy
Nicole Alvarado

## RETURN OF SERVICE

**2019DCV-2117-A**

**DAVID RJASKO,IMELDA
BENAVIDES
VS.
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY,BRUCE
WELLS,PHILLIP BENJAMIN, ET AL**

28TH DISTRICT COURT

_____
Name

**ADDRESS FOR SERVICE**
**Phillip Benjamin**
21739 Hardy Oak Blvd Apt 6025
San Antonio TX 78258

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ___. m., and executed in
_____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the
date of delivery endorsed thereon, together with the accompanying copy of the _____
_____, at the following times and places, to-wit:

**NAME**                    **DATE/TIME**                **PLACE, COURSE & DISTANCE FROM COURTHOUSE**

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Fees:                                                    _____, Officer
Serving Petition and Copy   $_____              _____, County, Texas
Total                       $_____              By _____, Deputy

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
        (First, Middle, Last)
address is _____
        (Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of
_____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

Case 5:19-cv-00194 Document 1-2 Filed on 09/17/19 in TXSD Page 26 of 62

# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

# OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)  $ _____

☐ Return Receipt (electronic)  $ _____

☐ Certified Mail Restricted Delivery  $ _____

☐ Adult Signature Required  $ _____

☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

7018 1830 0000 8705 9302

Phillip Benjamin

21739 Hardy Oak Blvd., Apt. 6025

San Antonio, Texas 78258

**Citation for Personal Service –RESIDENT NOTICE (CERTIFIED MAIL)**



Case Number: **2019DCV-2117-A**

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:   **Bruce Wells**
      **2104 Bindon Dr**
      **Cedar Park Tx  78613**
the Defendant,

GREETING:  You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Nanette Hasette, 28th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 25th day of April, 2019. A copy of same accompanies this citation.
The file number of said suit being Number:  **2019DCV-2117-A**

The style of the case is:  **David Rjasko,Imelda Benavides  vs.  United Property & Casualty Insurance Company,Bruce Wells,Phillip Benjamin, et al**

Said Petition was filed in said court by **Brennan M. Kucera**, attorney for Plaintiff, whose address is 2028 E Ben White Blvd Ste 240-2015  Austin Tx  78741 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 2nd day of May, 2019.



**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401
BY: _____, Deputy
      Nicole Alvarado

## RETURN OF SERVICE

**2019DCV-2117-A**

**DAVID RJASKO,IMELDA
BENAVIDES
VS.
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY,BRUCE
WELLS,PHILLIP BENJAMIN, ET AL**

28TH DISTRICT COURT

Name

**ADDRESS FOR SERVICE**
**Bruce Wells**
2104 Bindon Dr
Cedar Park TX 78613

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ___. m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____ _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

| Fees: | | | Officer |
|---|---|---|---|
| Serving Petition and Copy | $_____ | | County, Texas |
| Total | $_____ | By _____, | Deputy |

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
　　　　　(First, Middle, Last)

address is _____
　　　(Street, City, State, Zip, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of
_____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

# U.S. Postal Service

# CERTIFIED MAIL® RECEIPT

*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

# OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)        $ _____

☐ Return Receipt (electronic)       $ _____

☐ Certified Mail Restricted Delivery   $ _____

☐ Adult Signature Required         $ _____

☐ Adult Signature Restricted Delivery  $ _____

Postmark
Here

Postage

7018 1830 0000 8705 9319

Bruce Wells

2104 Bindon Drive

Cedar Park, Texas 78613

**Citation for Personal Service –RESIDENT NOTICE (CERTIFIED MAIL)**

*ORIGINAL*

Case Number: **2019DCV-2117-A**

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:   **United Property & Casualty Insurance Company**
      **CT Corporation System**
      **1999 Bryan St Ste 900**
      **Dallas Tx  75201**
the Defendant,

GREETING:  You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Nanette Hasette**, **28th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 25th day of April, 2019.  A copy of same accompanies this citation.
The file number of said suit being Number:  **2019DCV-2117-A**

The style of the case is:  **David Rjasko, Imelda Benavides  vs.  United Property & Casualty Insurance Company, Bruce Wells, Phillip Benjamin, et al**

Said Petition was filed in said court by **Brennan M. Kucera**, attorney for Plaintiff, whose address is 2028 E Ben White Blvd Ste 240-2015  Austin Tx  78741 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 2nd day of May, 2019.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401
BY: _Nicole Alvarado_ , Deputy
Nicole Alvarado

## RETURN OF SERVICE

**2019DCV-2117-A**

**DAVID RJASKO,IMELDA
BENAVIDES
VS.
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY,BRUCE
WELLS,PHILLIP BENJAMIN, ET AL**

28TH DISTRICT COURT

_____

Name

**ADDRESS FOR SERVICE**
**United Property & Casualty Insurance Company**
CT Corporation System
1999 Bryan St Ste 900
Dallas TX  75201

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20____, at _____ o'clock ___. m., and executed in
_____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the
date of delivery endorsed thereon, together with the accompanying copy of the _____
_____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Fees: _____, Officer

Serving Petition and Copy   $_____    _____, County, Texas

Total                       $_____    By _____, · Deputy

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
　　　　　(First, Middle, Last)

address is _____
　　　　　(Street, City, State, Zip, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of
of _____, 20____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

# CERTIFIED MAIL® RECEIPT

## *Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)            $ _____

☐ Return Receipt (electronic)          $ _____

☐ Certified Mail Restricted Delivery    $ _____

☐ Adult Signature Required             $ _____

☐ Adult Signature Restricted Delivery  $ _____

Postmark
Here

Postage

$

United Property & Casualty Insurance
Company
CT Corporation System
1999 Bryan Street, Ste. 900
Dallas, Texas 75201

7018 1830 0000 8705 9326

**ER:** *COMPLETE THIS SECTION*

*COMPLETE THIS SECTION ON DELIVERY*

plete items 1, 2, and 3.

your name and address on the reverse
at we can return the card to you.

h this card to the back of the mailpiece,
the front if space permits.

e Addressed to:

Allen Boddie
207 Highway 35 N., Ste. C
Rockport, Texas 78382

**A. Signature**

X        □
       □

**B.** Received by *(Printed Name)*    **C.** Date

**D.** Is delivery address different from item 1? □
If YES, enter delivery address below: □

|||||||||||| barcode ||||||||||||

9590 9402 4123 8092 9488 93

e Number *(Transfer from service label)*

7018 1830 0000 8705 9296

**3. Service Type**
□ Adult Signature
□ Adult Signature Restricted Delivery
☑ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
   Mail
   Mail Restricted Delivery
   00)

□ Priority Mail
□ Registered M
□ Registered M
   Delivery
□ Return Rece
   Merchandise
☑ Signature Co
□ Signature Co
   Restricted D

n **3811,** July 2015 PSN 7530-02-000-9053

Domestic Retu

**USPS TRACKING #**



590  9402  4123  8092  9488  93

United States Postal Service

First-Class Mail
Postage & Fees
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4® in this box●

ANNE LORENTZEN, DISTRICT CLERK
DISTRICT COURTS / COUNTY COURTS AT LAW
P.O. BOX 2987
CORPUS CHRISTI, TX 78403

2019 DCW-2117-A (cit.) NA.

# ANNE LORENTZEN

## DISTRICT CLERK



Certificate of
Return of Service

DISTRICT COURTS / COUNTY COURTS AT LAW

901 LEOPARD STREET, ROOM 313

CORPUS CHRISTI, TEXAS 78401

361 888-0450 Fax 888-0571

Cause Number   2019DCV-2117-A

David Rjasko,Imelda Benavides
vs.
United Property & Casualty Insurance Company,Bruce Wells,Phillip
Style:   Benjamin, et al

Pursuant to the Texas Rules of Civil Procedure, the undersigned certifies this cause.
Service was issued:

To:   Allen Boddie
      2207 Highway 35 N Ste C
      Rockport TX  78382

On (Date Issued)   05/02/2019
and served on:
or returned unserved   05/06/2019

By Certified or Registered Mail.  The returned receipt is attached to this form and was filed in
this office on: 05/06/2019

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: Wendy Carvaja  Deputy
Wendy Carvajal

## Citation for Personal Service –RESIDENT NOTICE (CERTIFIED MAIL)



Case Number: **2019DCV-2117-A**

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:   **Allen Boddie**
      **2207 Highway 35 N Ste C**
      **Rockport Tx  78382**
the Defendant,

GREETING:  You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Nanette Hasette**, **28th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 25th day of April, 2019. A copy of same accompanies this citation.
The file number of said suit being Number:  **2019DCV-2117-A**

The style of the case is:  **David Rjasko,Imelda Benavides  vs.  United Property & Casualty Insurance Company,Bruce Wells,Phillip Benjamin, et al**

Said Petition was filed in said court by **Brennan M. Kucera**, attorney for Plaintiff, whose address is 2028 E Ben White Blvd Ste 240-2015  Austin Tx  78741 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 2nd day of May, 2019.



**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _____, Deputy
      Nicole Alvarado

# RETURN OF SERVICE

**2019DCV-2117-A**

**DAVID RJASKO,IMELDA
BENAVIDES**
**VS.**
**UNITED PROPERTY & CASUALTY
INSURANCE COMPANY,BRUCE
WELLS,PHILLIP BENJAMIN, ET AL**

28TH DISTRICT COURT

_____
Name

**ADDRESS FOR SERVICE**
**Allen Boddie**
2207 Highway 35 N Ste C
Rockport TX 78382

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ___. m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____ _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

| Fees: | | _____, | Officer |
|---|---|---|---|
| Serving Petition and Copy | $_____ | _____, | County, Texas |
| Total | $_____ | By _____, | Deputy |

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
(First, Middle, Last)
address is _____
(Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of
of _____, 20____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

# LORENTZEN

OUNTY DISTRICT CLER
987
HRISTI, TX 78403

LOPE CONTAINS
ORTANT
FOR YOUR SAFEKEEPING



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT

**CERTIFIED MAIL®**

7018 1830 0000 8705 9296



Allen Boddie
2207 Highway 35 N. Ste. C
Rockport,

NIXIE            782      DE 1

RETURN TO SENDER
REFUSED
UNABLE TO FORWAR

REF                BC:  78403298787        *2093-
78403>2987

**R: COMPLETE THIS SECTION**

lete items 1, 2, and 3.

our name and address on the reverse
t we can return the card to you.

this card to the back of the mailpiece,
the front if space permits.

Addressed to:

Bruce Wells
2104 Bindon Drive
edar Park, Texas 78613

90 9402 4521 8278 2641 80

Number *(Transfer from service label)*

018 1830 0000 8705 9319

3811. July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

B. Received by *(Printed Name)*          C. Date

D. Is delivery address different from item 1?
   If YES, enter delivery address below:

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   Mail
   Mail Restricted Delivery
   )0)

☐ Priority Mai
☐ Registered
☐ Registered
   Delivery
☐ Return Rec
   Merchandis
☑ Signature C
☐ Signature C
   Restricted

Domestic Ret



USPS TRACKING #

90 9402 4523 8278 2641 80

First-Class Mai
Postage & Fee
USPS
Permit No. G-1

d States
l Service

CLERK OF COUN
DISTRICT COURT
NUECES COUNTY TEXAS

2019 MAY -9 AM II: 20

Sender: Please print your name, address, and ZIP+4® in this box●

ANNE LORENTZEN. DISTRICT CLERK
DISTRICT COURTS / COUNTY COURTS AT LAW
P.O. BOX 2987
CORPUS CHRISTI, TX 78403

2019DCV-2117-A          (cit.)-nA

# ANNE LORENTZEN

## DISTRICT CLERK



Certificate of
Return of Service

DISTRICT COURTS / COUNTY COURTS AT LAW

901 LEOPARD STREET, ROOM 313

CORPUS CHRISTI, TEXAS 78401

361 888-0450 Fax 888-0571

Cause Number   2019DCV-2117-A

David Rjasko,Imelda Benavides
vs.
United Property & Casualty Insurance Company,Bruce Wells,Phillip
Style: Benjamin, et al

Pursuant to the Texas Rules of Civil Procedure, the undersigned certifies this cause.
Service was issued:

To:   Bruce Wells
2104 Bindon Dr
Cedar Park TX  78613

On (Date Issued)   05/02/2019
and served on:   05/09/2019
or returned unserved

By Certified or Registered Mail.  The returned receipt is attached to this form and was filed in
this office on: 05/09/2019

ANNE LORENTZEN, DISTRICT CLERK
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _____ Deputy
Wendy Carvajal

R: *COMPLETE THIS SECTION*

lete items 1, 2, and 3.

our name and address on the reverse
t we can return the card to you.

this card to the back of the mailpiece,
the front if space permits.

Addressed to:

Phillip Benjamin
9 Hardy Oak Blvd., Apt. 6025
an Antonio, Texas 78258

90 9402 4521 8278 2641 73

Number *(Transfer from service label)*

018 1830 0000 8705 9302

3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐
☐

B. Received by *(Printed Name)* | C. Date

D. Is delivery address different from item 1? ☐
   If YES, enter delivery address below: ☐

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   00)

☐ Priority Mail
☐ Registered
☐ Registered
   Delivery
☐ Return Rec
   Merchandis
☑ Signature C
☐ Signature C
   Restricted

Domestic Retu





USPS TRACKING #

9402 4531 8278 2641 73

First-Class Mai
Postage & Fee
USPS
Permit No. G-1

• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE LORENTZEN, DISTRICT CLERK
DISTRICT COURTS / COUNTY COURTS AT LAW
P.O. BOX 2987
CORPUS CHRISTI, TX 78403

2019DW-2117-A (Cit.) -NA.

# ANNE LORENTZEN

## DISTRICT CLERK



Certificate of
Return of Service

DISTRICT COURTS / COUNTY COURTS AT LAW

901 LEOPARD STREET, ROOM 313

CORPUS CHRISTI, TEXAS 78401

361 888-0450 Fax 888-0571

| Cause Number | 2019DCV-2117-A |
|---|---|
| | David Rjasko,Imelda Benavides |
| | vs. |
| | United Property & Casualty Insurance Company,Bruce Wells,Phillip |
| Style: | Benjamin, et al |

Pursuant to the Texas Rules of Civil Procedure, the undersigned certifies this cause.
Service was issued:

| To: | Phillip Benjamin |
|---|---|
| | 21739 Hardy Oak Blvd Apt 6025 |
| | San Antonio TX 78258 |

| On (Date Issued) | 05/02/2019 |
|---|---|
| and served on: | |
| or returned unserved | 05/28/2019 |

By Certified or Registered Mail. The returned receipt is attached to this form and was filed in
this office on: 05/28/2019

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _____, Deputy
Wendy Carvajal

## Citation for Personal Service –RESIDENT NOTICE (CERTIFIED MAIL)



Case Number: **2019DCV-2117-A**

### THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:   **Phillip Benjamin**
        **21739 Hardy Oak Blvd Apt 6025**
        **San Antonio Tx  78258**
the Defendant,

GREETING:   You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Nanette Hasette**, **28th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 25th day of April, 2019.  A copy of same accompanies this citation.
The file number of said suit being Number:   **2019DCV-2117-A**

The style of the case is:   **David Rjasko,Imelda Benavides  vs.  United Property & Casualty Insurance Company,Bruce Wells,Phillip Benjamin, et al**

Said Petition was filed in said court by **Brennan M. Kucera**, attorney for Plaintiff, whose address is 2028 E Ben White Blvd Ste 240-2015  Austin Tx  78741 .

        The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

        The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

        Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 2nd day of May, 2019.



**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _____ , Deputy
        Nicole Alvarado

## RETURN OF SERVICE

· 2019DCV-2117-A

**DAVID RJASKO,IMELDA
BENAVIDES
VS.
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY,BRUCE
WELLS,PHILLIP BENJAMIN, ET AL**

28TH DISTRICT COURT

_____

Name

**ADDRESS FOR SERVICE**
**Phillip Benjamin**
21739 Hardy Oak Blvd Apt 6025
San Antonio TX  78258

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____ m., and executed in
_____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the
date of delivery endorsed thereon, together with the accompanying copy of the _____
_____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

| Fees: | | _____, | Officer |
|---|---|---|---|
| Serving Petition and Copy | $_____ | _____, | County, Texas |
| Total | $_____ | By _____, | Deputy |

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
       (First, Middle, Last)

address is _____
       (Street, City, State, Zip, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of
of _____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

**LORENTZEN**

**NTY DISTRICT CLER**

7

ISTI, TX 78403

PE CONTAINS

*RTANT*

OR YOUR SAFEKEEPING



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

*CERTIFIED MAIL*®

7018 1830 0000 8705 9302



-R-T-S-   782584297-1N   009 05/14/19

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD
RETURN TO SENDER

782584297 R190

Filed
6/11/2019 1:19 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO:  2019DCV-2117-A

| | | |
|---|---|---|
| DAVID RJASKO AND IMELDA BENAVIDES | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | |
| | § | NUECES COUNTY, TEXAS |
| UNITED  PROPERTY & CASUALTY INSURANCE COMPANY, BRUCE WELLS, PHILLIP  BENJAMIN, AND ALLEN BODDIE | § | |
| | § | |
| | § | |
| | § | 28TH JUDICIAL DISTRICT |

## DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION  OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE  HONORABLE JUDGE OF SAID  COURT:

COMES NOW, United Property & Casualty Insurance Company ("UPC") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

## I.
## RELEVANT BACKGROUND

1.1     Plaintiffs, David Rjasko and Imelda Benavides ("Plaintiffs") filed a claim 2017TX031768 with United Property & Casualty Insurance Company, and Claim number 2017TX031768 was adjusted by one or more individuals at United  Property & Casualty Insurance Company's request, including Defendants Bruce Wells, Phillip Benjamin and Allen Boddie ("Adjusters").  For purposes  of  this  election, the Adjusters are considered United Property & Casualty Insurance Company's "agents" under Texas  Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of United Property & Casualty Insurance Company's behalf.

## II.
## ELECTION

2.1     Under section 542A.006(a) of the Texas Insurance Code, United Property & Casualty Insurance Company hereby elects to accept legal responsibility for whatever liability Adjusters might have to Plaintiffs for his acts or omissions related to claim number 2017TX031768, and by this pleading Plaintiffs are provided written notice of United Property & Casualty Insurance Company's Election.

## III.
## DISMISSAL OF DEFENDANTS WITH PREJUDICE

3.1     Under section 542A.006(c) of the Texas Insurance Code and based on United Property & Casualty Insurance Company's Election, this Court "shall dismiss" this action against with prejudice.  United Property & Casualty Insurance Company hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice and are filing a proposed order simultaneously herewith.

FOR THESE REASONS, United Property & Casualty Insurance Company prays that this Election be filed with the records of this cause and that Defendants Bruce Wells, Phillip Benjamin and Allen Boddie be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems United Property & Casualty Insurance Company entitled.

*[Signature on next page]*

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Sarah R. Smith
Texas Bar No:  24056346
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
sarah.smith@lewisbrisbois.com

**Attorneys for Defendant, United Property & Casualty Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 11th day of June, 2019.

Brennan M. Kucera                    *Via Eserve*
Benjamin R. Crowell III
Crowell & Kucera, PLLC
2028 E. Ben White Blvd.
Suite 240-2015
Austin, Texas 78741
brennan@ck-firm.com
ben@ck-firm.com
*Attorneys for Plaintiff*

Sarah R. Smith

4836-2906-4600.1

Filed
6/11/2019 1:22 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CAUSE NO:  2019DCV-2117-A

| | | |
|---|---|---|
| DAVID RJASKO AND IMELDA BENAVIDES | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | |
| | § | NUECES COUNTY, TEXAS |
| UNITED  PROPERTY & CASUALTY INSURANCE COMPANY, BRUCE WELLS, PHILLIP  BENJAMIN, AND ALLEN BODDIE | § § § § | 28TH JUDICIAL DISTRICT |

### ORDER OF DISMISSAL OF DEFENDANTS, BRUCE WELLS, PHILLIP BENJAMIN, AND ALLEN BODDIE

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code (the "Election") filed by Defendant United Property & Casualty Insurance Company.  United Property & Casualty Insurance Company has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore **ORDERED, ADJUSTED AND DECREED** that all claims and causes of action brought against Defendants Bruce Wells, Phillip Benjamin and Allen Boddie in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same.  Any and all relief sought against Defendants Bruce Wells, Phillip Benjamin, and Allen Boddie and not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and any related claim or cause of action brought against Defendants Bruce Wells, Phillip Benjamin, and Allen Boddie shall be borne by the party incurring same.

SIGNED this_____ day of _____, 2019.

_____
JUDGE PRESIDING

4847-8082-1657.1

Filed
6/18/2019 2:34 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CAUSE NO:  2019DCV-2117-A

| | | |
|---|---|---|
| **DAVID RJASKO AND IMELDA BENAVIDES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | **NUECES COUNTY, TEXAS** |
| **UNITED  PROPERTY & CASUALTY INSURANCE COMPANY, BRUCE WELLS, PHILLIP BENJAMIN, AND ALLEN BODDIE** | § | |
| | § | **28TH JUDICIAL DISTRICT** |

### DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Property & Casualty Insurance Company ("United Property,") in the above-entitled and numbered cause and files this, its Answer to Plaintiffs' Original Petition and Request for Disclosure and would respectfully show unto the Court the following:

### I.

United Property & Casualty Insurance Company asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs be required to prove their charges and allegations against United Property & Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

### II.

### DEFENSES

1.     United Property & Casualty Insurance Company denies that the required conditions precedent were performed and/or occurred.

4824-8072-5914.1

2.      The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom United Property had no control, including but not limited to Plaintiffs, therefore, United Property is not liable to Plaintiffs.

3.      United Property issued a policy of insurance to David Rjasko, and United Property adopts its terms, conditions and exclusions as if copied *in extenso*.

4.      The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

5.      The Policy requires direct, physical loss.

6.      United Property is entitled to any credits or set-offs for prior payments by United Property or other third parties.

7.      To the extent that Plaintiffs' damages are determined to be the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

8.      Plaintiffs' extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement, if any, to insurance benefits.

9.      To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

10.      Plaintiffs' extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiff's underlying insurance claim is necessary to establish any basis for Plaintiffs' extra-contractual, Insurance Code claims.  Because Plaintiffs' allegations are generally based on Defendant's alleged failure to investigate the clam and pay policy benefits, the existence of any applicable exclusions precludes Plaintiff's extra-contractual, Insurance Code

claims.

## III.

## <u>REQUEST FOR DISCLOSURE</u>

Pursuant to Rule 194, Plaintiff is requested to disclose the information or material described in Rule 194.

## IV.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Defendant, United Property & Casualty Insurance Company, respectfully prays that Plaintiffs take nothing by his suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which United Property & Casualty Insurance Company may be justly entitled.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*

Sarah R. Smith
Texas State Bar No. 24056346
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 18th day of June, 2019.

Brennan M. Kucera                                    *Via Eserve*
Benjamin R. Crowell, III
Crowell & Kucera, PLLC
2028 E. Ben White Blvd., Suite 240-2015
Austin, Texas 78741
brennan@ck-firm.com
ben@ck-firm.com
*Attorneys for Plaintiff*


                                                        */s/ Sarah R. Smith*_____
                                                        Sarah R. Smith

4824-8072-5914.1

**R:** *COMPLETE THIS SECTION*

ete items 1, 2, and 3.

our name and address on the reverse
t we can return the card to you.

 this card to the back of the mailpiece,
he front if space permits.

Addressed to:

ed Property & Casualty Insurance
Company

CT Corporation System

1999 Bryan Street, Ste. 900

Dallas, Texas 75201



90 9402 4521 8278 2641 97

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐

B. Received by *(Printed Name)* | C. Date

Chris Wells

D. Is delivery address different from item 1? ☐
   If YES, enter delivery address below: ☐

3. Service Type                                ☐ Priority Ma
☐ Adult Signature                              ☐ Registered
☐ Adult Signature Restricted Delivery          ☐ Registered
☑ Certified Mail®                                 Delivery
☐ Certified Mail Restricted Delivery           ☐ Return Rec
                                                  erchandis
                                                  nature (
                                                  nature (
                                                  stricted

Domestic Ret



First-Class Ma
Postage & Fee
USPS
Permit No. G-1

90 9402 4521 8278 2641 97

d States
al Service

• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE LORENTZEN, DISTRICT CLERK
DISTRICT COURTS / COUNTY COURTS AT LAW
P.O. BOX 2987
CORPUS CHRISTI, TX 78403

2019 DW-2117-A (cit.) 114.

# ANNE LORENTZEN

## DISTRICT CLERK



Certificate of
Return of Service

DISTRICT COURTS / COUNTY COURTS AT LAW

901 LEOPARD STREET, ROOM 313

CORPUS CHRISTI, TEXAS 78401

361 888-0450 Fax 888-0571

| | |
|---|---|
| Cause Number | 2019DCV-2117-A |
| | David Rjasko,Imelda Benavides |
| | vs. |
| | United Property & Casualty Insurance Company,Bruce Wells,Phillip |
| Style: | Benjamin, et al |

Pursuant to the Texas Rules of Civil Procedure, the undersigned certifies this cause.
Service was issued:

| | |
|---|---|
| To: | United Property & Casualty Insurance Company |
| | CT Corporation System |
| | 1999 Bryan St Ste 900 |
| | Dallas TX  75201 |

| | |
|---|---|
| On (Date Issued) | 05/02/2019 |
| and served on: | 05/07/2019 |
| or returned unserved | |

By Certified or Registered Mail.  The returned receipt is attached to this form and was filed in this office on: 06/18/2019

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _____, Deputy
Wendy Carvajal

Filed
6/11/2019 1:22 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO:  2019DCV-2117-A

| | | |
|---|---|---|
| DAVID RJASKO AND IMELDA | § | IN THE DISTRICT COURT OF |
| BENAVIDES | § | |
| | § | |
| VS. | § | |
| | § | NUECES COUNTY, TEXAS |
| UNITED  PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, BRUCE | § | |
| WELLS, PHILLIP  BENJAMIN, | § | |
| AND ALLEN BODDIE | § | 28TH JUDICIAL DISTRICT |

## ORDER OF DISMISSAL OF DEFENDANTS, BRUCE WELLS, PHILLIP BENJAMIN, AND ALLEN BODDIE

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code (the "Election") filed by Defendant United Property & Casualty Insurance Company.  United Property & Casualty Insurance Company has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore **ORDERED, ADJUSTED AND DECREED** that all claims and causes of action brought against Defendants Bruce Wells, Phillip Benjamin and Allen Boddie in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same.  Any and all relief sought against Defendants Bruce Wells, Phillip Benjamin, and Allen Boddie and not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and any related claim or cause of action brought against Defendants Bruce Wells, Phillip Benjamin, and Allen Boddie shall be borne by the party incurring same.

SIGNED this_____ day of _____, 2019.

_____
JUDGE PRESIDING

4847-8082-1657.1

# ANNE LORENTZEN
# DISTRICT CLERK



DISTRICT COURTS / COUNTY COURTS AT LAW
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401
361 888-0450 Fax 888-0571

July 08, 2019

## NOTICE OF JUDGMENT AND/OR DISMISSAL

RE:  Case No: **2019DCV-2117-A; David Rjasko,Imelda Benavides  vs.  United Property & Casualty Insurance Company,Bruce Wells,Phillip Benjamin, et al**

TO WHOM IT MAY CONCERN:

      Texas Rules of Court requires me to notify you that on 1st day of July, 2019 a/an

|   | |
|---|---|
| ☐ | Agreed Judgment |
| **X** | Default Judgment |
| ☐ | Final Judgment |
| ☐ | Summary Judgment |
| ☐ | Interlocutory Judgment |
| ☐ | Order of Dismissal/Non-Suit |
| ☐ | Dismissed Due to Want of Prosecution |
| ☐ | Other: _____ |

has been rendered in the above numbered and styled cause.

                   **ANNE LORENTZEN, DISTRICT CLERK**
                   NUECES COUNTY, TEXAS
                   901 LEOPARD STREET, ROOM 313
                   CORPUS CHRISTI, TEXAS 78401

                   BY: _____, Deputy
                           Maria Flores

cc:  file
All Counsel of Record:
   **Ben Crowell**          2028 E Ben White BLVD STE 240-2015 Austin TX  78741
   **Brennan M. Kucera**    2028 E Ben White Blvd Ste 240-2015 Austin TX  78741
   **Sarah R Smith**        24 Greenway Plaza  Houston TX  77046

# REGISTER OF ACTIONS
## CASE No. 2019DCV-2117-A

| | |
|---|---|
| David Rjasko,Imelda Benavides vs. United Property & Casualty Insurance Company,Bruce Wells,Phillip Benjamin, et al §§§§§ | Case Type: **Consumer/Commercial/Debt**<br>Date Filed: **04/25/2019**<br>Location: **28th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Benjamin, Phillip** | |
| Defendant | **Boddie, Allen** | |
| Defendant | **United Property & Casualty Insurance Company** | **Sarah R Smith**<br>*Retained*<br>713-659-6767(W) |
| Defendant | **Wells, Bruce** | |
| Plaintiff | **Benavides, Imelda** | **Brennan M. Kucera**<br>*Retained*<br>512-870-7099(W)<br><br>Ben Crowell<br>*Retained*<br>210-495-6789(W) |
| Plaintiff | **Rjasko, David** | **Brennan M. Kucera**<br>*Retained*<br>512-870-7099(W)<br><br>Ben Crowell<br>*Retained*<br>210-495-6789(W) |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

07/01/2019 **Order** (Judicial Officer: Hasette, Nanette)
Comment (ORDER OF DISMISSAL OF DEFENDANTS, BURCE WELLS, PHILLIP BENJAMIN, AND ALLEN BODDIE)

**OTHER EVENTS AND HEARINGS**

04/25/2019 **Original Petition (OCA)**
04/25/2019 **Original Petition Documents E-filed** (Judicial Officer: Hasette, Nanette )
*Plaintiff's Original Petition*
04/25/2019 **Service Request Information Sheet**
*Service Requested*
04/25/2019 **Jury Fee Paid**
05/02/2019 **Citation**

| | | | |
|---|---|---|---|
| United Property & Casualty Insurance Company | Served | | 05/07/2019 |
| | Response Due | | 06/03/2019 |
| | Returned | | 06/18/2019 |
| Wells, Bruce | Served | | 05/06/2019 |
| | Response Due | | 05/27/2019 |
| | Returned | | 05/09/2019 |
| Benjamin, Phillip | Returned Unserved | 05/28/2019 | |
| | Returned | | 05/28/2019 |
| Boddie, Allen | Returned Unserved | 05/06/2019 | |
| | Returned | | 05/06/2019 |

06/11/2019 **Notice**
*Defendant, United Property & Casualty Insurance Company S Election Of Legal Responsibility Under Section 542A.006 Of The Texas Insurance Code*
06/11/2019 **Proposed Order**
*Order of Dismissal of Defendants, Bruce Wells, Phillip Benjamin, and Allen Boddie*
06/18/2019 **Original Answer**
*Defendant, United Property & Casualty Insurance Company's Original Answer to Plaintiff's Original Petition and Request for Disclosure*
07/01/2019 **Order of Dismissal by Plaintiff/Nonsuit/Non-Final** (Judicial Officer: Hasette, Nanette )

07/08/2019 | *ORDER OF DISMISSAL OF DEFENDANTS, BRUCE WELLS, PHILLIP BEJAMIN AND ALLEN BODDIE*
**Notice**
*NOTICE OF JUDGMENT AND/OR DISMISSAL*

---

**FINANCIAL INFORMATION**

---

| | | | | |
|---|---|---|---|---|
| **Plaintiff** Rjasko, David | | | | |
| Total Financial Assessment | | | | 925.00 |
| Total Payments and Credits | | | | 925.00 |
| **Balance Due as of 07/17/2019** | | | | **0.00** |
| 04/25/2019 | Transaction Assessment | | | 925.00 |
| 04/25/2019 | E-file Payment | Receipt # 2019-6116-DCCLK | Rjasko, David | (925.00) |